United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41391
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD WILLHITE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CR-46-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Willhite appeals the sentence imposed upon his guilty-plea conviction for conspiracy to defraud the Food and Drug Administration (FDA), in violation of 18 U.S.C. § 371, by violating 21 U.S.C. §§ 331(a) and 333(a)(2).  He argues that he lacked the requisite intent to defraud for his sentence to be based on the felony provision in 21 U.S.C. § 333(a)(2) and that the count of the indictment to which he pleaded guilty did not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contain a conspiring-to-defraud-the-United-States allegation and therefore differed from the offense for which he was convicted and sentenced.

Under 18 U.S.C. § 371, a defendant may be charged with either conspiring to commit an offense against the United States or conspiring to defraud the United States or one of its agencies. The penalty provision of 18 U.S.C. § 371 does not differentiate between the two types of conspiracies, but rather, provides for a maximum term of imprisonment of five years if the object of the conspiracy is the commission of a felony. Count one of the indictment, to which Willhite pleaded guilty, charged him with conspiring to commit offenses against the United States by intentionally violating provisions of the Food, Drug, and Cosmetics Act (FDCA), thereby defrauding and misleading the FDA. See e.g., United States v. Arlen, 947 F.2d 139, 143-44 (5th Cir. 1991). It contains the intent-to-defraud language with regard to both of the underlying offenses in 21 U.S.C. §§ 331(a) and 333(a)(2), thus making the underlying offenses, i.e., the object of the conspiracy, punishable as felonies. Willhite's suggestion that he never intended to defraud the FDA is disingenuous. The count of the indictment to which he pleaded guilty is replete with allegations that he intended to defraud and mislead the FDA and there is nothing in the record to suggest otherwise.

Willhite's citation to United States v. Haga, 821 F.2d 1036, 1043 (5th Cir. 1987) is unavailing. Haga was convicted and

sentenced for "'the felony offense of conspiracy to defraud an agency of the United States, the FDA' under the 'defraud' clause of section 371," but he was indicted only under the conspiracy "to commit any offense against the United States" clause of 18 U.S.C. § 371. Id. at 1042, 1043, 1044-45. That was not the case for Willhite, who was indicted, convicted, and sentenced under the "commit any offense against the United States" clause of 18 U.S.C. § 371.

Willhite's argument that he relied on the advice of counsel and was therefore unaware that he was violating the law is disingenuous. The record indicates that Willhite did not disclose all relevant information to counsel and that Willhite admitted at the sentencing hearing that he knew his actions were illegal.

The Government's evidence was sufficient to make out a violation of 21 U.S.C. § 333(a)(2) because it demonstrated that Willhite intentionally violated § 331(a) with the specific intent to defraud or mislead the FDA. See Arlen, 947 F.2d at 143.

AFFIRMED.